## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTER DISTRICT OF VIRGINIA

### Norfolk Division

| | |
|---|---|
| **ASHLEY R. STRAZZULLO,** ) | |
| ) | |
| ) | **CIVIL ACTION NO:** |
| **Plaintiff,** ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **DRAEGER, INC.,** ) | |
| ) | |
| **Serve: Corporation Service Company** ) | |
| **100 Shockoe Slip Fl 2** ) | |
| **Richmond, VA 23219-4100** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### COMPLAINT

Plaintiff, Ashley R. Strazzullo ("Strazzullo" or "Plaintiff"), by counsel, for her Complaint against Defendant, Draeger, Inc. ("Draeger" or "Defendant"), alleges as follows:

### THE PARTIES

1. Plaintiff Strazzullo is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Virginia Beach, Virginia.

2. Defendant Draeger is a Pennsylvania corporation, with its headquarters and principal place of business in Telford, Pennsylvania. Draeger does business throughout the United States, including in Virginia.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

Page | 1
_____

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Prior to instituting this suit, Strazzullo timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on November 1, 2019.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically claims "sex," and "age" in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

5.      The EEOC failed to resolve the claim and issued a right-to-sue letter dated August 7, 2020.  Strazzullo received the EEOC's right-to-sue letter on August 9, 2020. Plaintiff has filed her complaint within 90 days from the date she received her notice authorizing the right to bring this action.

## STATEMENT OF FACTS

6.      Plaintiff Strazzullo is a 45-year-old female.

7.      Strazzullo began employment with Draeger on January 1, 2018 as a Sales Executive in Draeger's Workplace Infrastructure ("WI") business.

8.      Strazzullo was on a team of Sales Executives.  At the time of her firing she had developed sales leads in every one of her assigned states  -- more than any of her coworkers, male or female, over or under the age of forty (40).  Strazzullo's sales funnel was the biggest in her entire division – meaning she had more potential sales than any of her coworkers regardless of their gender or age.

9.      Strazzullo was meeting all of her employer's expectations at the time of her firing.

10. At the time of her firing, Strazzullo had made over $400,000 in sales revenue. This placed her third out of similarly situated Sales Executives. The top three individuals in sales (including Strazzullo) were separated by less than $10,000 in sales at the time of her firing.

11. In the previous year, Strazzullo was also near the top of the Sales Executives list in sales at approximately $200,000. Accordingly, 2019 was developing into a banner year for Strazzullo.

12. Many of the individuals on this list had zero dollars in sales or considerable less than Strazzullo. Additionally, Strazzullo had additional highly prospective sales for the remainder of the year that (even under conservative close rates for sales) would have allowed her to meet and likely far exceed her employer's annual sales quota.

13. Regardless of her meeting expectations and excelling relative to her coworkers, Strazzullo was fired on September 5, 2019. On a phone conference, Hobbs and Defendant's Director of Human Resources, Dianna Glose ("Glose") told Strazzullo she was being let go. Strazzullo asked if she had done anything to warrant dismissal. Hobbs or Glose told her, "No, we're just moving in a different direction."

14. The two individuals at first and second in sales (within $10,000 of Strazzullo) were both male and neither were fired: (i) "Francis" was male and in his early 40s; and (ii) Christopher Bone was male and in his early 30s. Most of the individuals below Strazzullo in sales were younger and/or male and were not fired.

## COUNT I
(Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)

15. Defendant discriminated against Plaintiff by subjecting her to disparate treatment as well as terms and conditions of her employment due to her gender.

16. Defendant has treated Plaintiff differently than similarly-situated male workers.

17. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

18. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

19. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses.

## COUNT II
(Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 USC 621)

20. Plaintiff repeats and realleges each and every paragraph of this complaint as though fully set forth herein.

21. Defendant's conduct as alleged above constitutes discrimination based on age in violation of the ADEA.  The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

22. Defendant's conduct was intentional and its violations of federal law were willful.

23. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

24. Plaintiff should be awarded an appropriate amount for loss of earning capacity and future lost wages and benefits of employment.

25. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to the ADEA.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ashley Strazzullo, prays for entry of judgment in favor of Plaintiff and against Defendant Draeger, Inc. in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Compensatory Damages;

d. Punitive Damages;

e. Attorneys' fees and court costs associated with this suit; and

f. Other such relief as may be appropriate to effectuate the purpose of justice.

Date: November 9, 2020                        Respectfully submitted,

ASHLEY STRAZZULLO

_____/s/_____
Todd M. Gaynor, Esquire
Virginia Bar No.: 47742
GAYNOR LAW CENTER, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (75) 257-3674
EM: tgaynor@gaynorlawcenter.com

*Counsel for Plaintiff*